EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Appellee,

v.

SHAMROCK OPTICAL
COMPANY, Appellant.

No. 85–1526.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1985.

Decided April 8, 1986.

J. Russell Derr, Omaha, Neb., for appellant.

Dianna B. Johnston, Washington, D.C., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and McMANUS,[*] District Judge.

JOHN R. GIBSON, Circuit Judge.

Shamrock Optical Company appeals from the district court's [1] denial of its motion to quash an administrative subpoena issued by the Equal Employment Opportunity Commission (EEOC). Shamrock charges that because the complaint spurring the EEOC action was not timely filed with the Nebraska Employment Opportunity Commission (NEOC), the EEOC is without jurisdiction to investigate the complaint and issue the subpoena. The question presented is whether under section 706(e) of Title VII of the Civil Rights Act of 1964, an aggrieved employee's failure to timely institute discrimination proceedings with the state deferral agency renders the complaint time-barred for federal enforcement purposes. We believe that neither the language of the statute, nor the decisions of the Supreme Court, this court, or other circuit courts, demonstrates that such failure undermines EEOC jurisdiction. Therefore, we affirm.

On July 20, 1983, Catherine Green, a black female, dually filed a complaint with the NEOC and the EEOC.[2] She alleged that Shamrock terminated her employment because of her race and sex. The discharge had occurred on December 1, 1982, 232 days earlier. Nebraska by statute requires that complaints be filed with the NEOC within 180 days of the alleged act of discrimination. Neb.Rev.Stat. § 48–1118(2) (1984). Upon receipt of the complaint, the NEOC contacted the EEOC, stating that the complaint, filed more than 180 days after the alleged act of discrimination, was untimely for NEOC purposes and would

---

[*] The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

[1.] The late Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

[2.] The complaint was filed with the NEOC on a form provided by the EEOC, and was addressed simultaneously to both agencies.

not be processed. The EEOC, considering itself authorized by statute to proceed on any complaint it receives within 300 days of the alleged discriminatory act, began its investigation and issued a subpoena seeking evidence relevant to the complaint. Shamrock sought revocation of the subpoena through EEOC appeals channels, arguing that the EEOC is authorized to act on a complaint only if it is timely filed with the appropriate state agency. The EEOC concluded that it had jurisdiction because the complaint was received within the 300-day EEOC limitations period. Shamrock refused to comply with the subpoena and the matter came before the district court which, following a hearing, adopted the Magistrate's Findings and Recommendations[3] and denied the motion to quash the subpoena. This appeal followed.

Section 706(e), 42 U.S.C. § 2000e–5(e) (1982),[4] provides that complaints of unlawful employment practices generally must be filed with the EEOC within 180 days of the alleged act. The statute further provides that if the person aggrieved first institutes proceedings with a state agency empowered to prosecute discriminatory employment practices, the complaint need not reach the EEOC until 300 days after the challenged act. In addition, section 706(c), 42 U.S.C. 2000e–5(c) (1982),[5] provides that in cases arising in a state with its own employment discrimination agency, commonly known as a deferral state, no complaint may be filed by the aggrieved person with the EEOC until 60 days after the state has commenced proceedings unless the state proceedings have been earlier terminated. Nebraska is a deferral state and NEOC the deferral agency.

Shamrock argues that section 706(c) demonstrates the congressional intent to have states participate in the settlement of employment disputes and, further, that the extended filing exception built into section 706(e) supports this intent by permitting complainants to avail themselves of state remedies without jeopardizing their federal rights. It reasons that to permit one who fails to diligently pursue state remedies to benefit from the extended filing period is inconsistent with the evident congressional intent. Such a reading favors deferral state over non-deferral state complainants, even when those in the deferral states fail to take advantage of local mechanisms. Shamrock concludes that to effect the congressional intent, section 706(e) must be read to grant the EEOC jurisdiction in deferral state cases only when a complaint is timely filed with the deferral state agency. Since complainant Green failed to file with NEOC within its 180-day limitations period, Shamrock charges, the EEOC has no jurisdiction to investigate the complaint.

In *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir.1975) (en banc), we adopted a strict construction of section 706(e) holding that the complaint must be filed with the EEOC within 180 days whether or not the complainant is in a deferral state. We further held that in a deferral state the filing must be made with-

---

**3.** *EEOC v. Shamrock Optical,* CV84–0–743 (D. Neb. March 7, 1985).

**4.** Section 706(e) states in part:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred * * * except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has termi-

nated the proceedings under the State or local law, whichever is earlier * * *.

**5.** Section 706(c) states in part:

In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated * * *.

in 180 days for the extended 300-day period to apply. This approach was rejected in *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), where the Supreme Court stated: "Congress included no express requirement that state proceedings be initiated by any specific date * * *. [T]he *Olson* approach * * * is not compelled by the plain meaning of the statutory language." *Id.* at 816 n. 19, 100 S.Ct. at 2492 n. 19. The Supreme Court did acknowledge that the 300-day period is effectively shortened to 240 days by̅ the restriction of section 706(c), which bars filing with the EEOC for up to 60 days after filing with the state deferral agency. In addition, we recognize that *Mohasco* is not square with the present case in that it involved a deferral agency statute of limitations longer than 240 days. Nevertheless, we cannot ignore the Court's central observation that the statute in no way impairs the EEOC's authority to assume jurisdiction over a complaint filed within 240 days of the challenged act. *Id.* at 814 n. 16, 100 S.Ct. at 2491 n. 16.

In *Owens v. Ramsey Corp.,* 656 F.2d 340 (8th Cir.1981), a complaint was filed with the Missouri deferral agency 268 days after an alleged unlawful discharge. The state agency concluded after 52 days that it was without jurisdiction, and transmitted the charge to the EEOC, which received it 320 days after the challenged act. Following *Mohasco,* this court stated: "[A] complainant in a deferral state must file the complaint within 240 days of the alleged discriminatory practice to insure timely filing with the EEOC." *Id.* at 342. We affirmed the district court's dismissal, not because of the untimely filing with the Missouri agency, but because the complaint was neither filed within 240 days nor received by the EEOC within 300 days of the act, as section 706(e) requires.

This approach is consistent with the decisions of other courts of appeals. In *Rasimas v. Michigan Department of Mental Health,* 714 F.2d 614 (6th Cir.1983), *cert. denied,* 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984), the complainant initiated proceedings some 244 days after termination. The Michigan deferral agency

required that complaints be filed no more than 90 days after the discriminatory act. The court concluded that the EEOC properly obtained jurisdiction:

> [W]e hold that deferral state claimants are not required to make a timely filing with the state agency before the federal 300 day filing period applies. All that is required is that a filing with the state agency be made with sufficient time to allow an effective filing with the EEOC within 300 days after the discriminatory act.

*Id.* at 622 (citation omitted). *Accord Aronsen v. Crown Zellerbach,* 662 F.2d 584, 587 (9th Cir.1981), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983) (construing section 14(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 633(b) (1982), which, as the Supreme Court explained in *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979), is patterned after and virtually identical to section 706(c)); *Goodman v. Heublein, Inc.,* 645 F.2d 127, 132 (2d Cir.1981) (same); *Davis v. Calgon Corp.,* 627 F.2d 674, 677 (3d Cir.1980), *cert. denied,* 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981) (same).

We acknowledge the strength of Shamrock's argument. To permit EEOC enforcement of a complaint that is not timely filed with the state deferral agency permits complainants to ignore state remedies without penalty. It further favors deferral state over non-deferral state complainants, even when those in the deferral state bypass the local mechanism. On the other hand, our construction is fully consistent with the remedial purposes of the Equal Employment Opportunity Act and is particularly appropriate " 'in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.' " *Oscar Mayer & Co. v. Evans,* 441 U.S. at 761, 99 S.Ct. at 2074 (quoting *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)). At any rate, the fact that section 706(e) tolerates disregard of state procedures and allows some complainants more time than others cannot justify our finding a requirement in a statute, enacted by Congress, which neither the Supreme

Court nor this circuit nor any other circuit has recognized.

We affirm the judgment of the district court.[6]

---

**6.** The EEOC also argues that untimeliness is no defense to enforcement of an administrative subpoena, because a court is required under *Oklahoma Press Publishing Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946), to enforce an administrative subpoena if the investigation is within the authority of the agency, the demand is not too indefinite or burdensome,

and the information sought is reasonably relevant. *Id.* at 208–09, 66 S.Ct. at 505. Shamrock responds that the untimely filing renders the EEOC investigation and the challenged subpoena outside the authority of the agency. Because we hold that the filing with the EEOC was not untimely, we need not address this question.