# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1963

_____

| | | |
|---|---|---|
| Mark A. Williams, Sr. | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Jackson County Department | * | |
| of Corrections, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  October 5, 2001

Filed:  December 4, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Mark A. Williams, Sr., appeals from the district court's dismissal with prejudice of his Title VII and 42 U.S.C. § 1981 claims, and the dismissal without prejudice of his defamation claim.  We reverse in part and affirm in part.

On October 12, 1999, Mr. Williams was terminated from his position as a corrections officer for the Jackson County Department of Corrections, allegedly for failure to submit to a polygraph examination following an altercation with an inmate.  Mr. Williams filed a charge of discrimination with the Missouri Commission on

Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) on May 12, 2000, some 213 days after his termination. After receiving a right-to-sue letter from the EEOC, Mr. Williams filed the instant complaint under Title VII and section 1981, claiming that his termination was motivated by his race and was in retaliation for opposing discriminatory employment practices. He also asserted a defamation claim.

The district court dismissed the Title VII claim because it had been filed with the EEOC beyond the 180-day limitations period, dismissed the section 1981 claim because Mr. Williams had failed to plead that the violation occurred as a result of an unconstitutional custom or policy of the Department of Corrections, and declined to exercise supplemental jurisdiction over the remaining defamation claim. This appeal followed.

We agree with the district court that Mr. Williams failed to state a section 1981 claim. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (to hold municipality liable, complaint must allege that violation occurred as result of unconstitutional custom or policy). We disagree, however, with the court's disposition of the Title VII claim.

Specifically, in states such as Missouri which have instituted state agencies authorized to grant or seek relief from discriminatory actions, a complainant has 300 days from the last day of the discriminatory action to file his charge with the EEOC, when proceedings initially have been instituted with the authorized state agency. See 42 U.S.C. § 2000e-5(e)(1) (time for filing charges); Mo. Rev. Stat. § 213.030 (2000) (MCHR authorized to process charges of employment discrimination). Because Mr. Williams filed his charge of discrimination with the MCHR and EEOC within 240 days of being discharged, see EEOC v. Shamrock Optical Co., 788 F.2d 491, 493 (8th Cir. 1986) (300-day limitation is effectively shortened to 240 days because complainant is barred from filing EEOC charges for

up to 60 days after filing with state deferral agency), his Title VII claim was timely filed with the EEOC. Consequently, we reverse its dismissal; we also reinstate the defamation claim so that the district court may reconsider whether to hear this state-law claim along with the federal claim.

Accordingly, we reverse the dismissal of the Title VII and defamation claims, affirm the dismissal of the section 1981 claim, and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.