# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1321

_____

|  |  |  |
|---|---|---|
| Katharina Holland, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Sam's Club, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 9, 2007
Filed: May 25, 2007

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

Katharina Holland (Holland) appeals the district court's[1] order granting Sam's Club's motion for summary judgment on five claims: (1) a hostile work environment claim under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e-17; (2) a hostile work environment claim under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010–213.137; (3) a gender discrimination

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

claim under Title VII; (4) a gender discrimination claim under the MHRA; and (5) a claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d).[2]  We affirm.

## I.    BACKGROUND

Holland began working at Sam's Club in July 1996, and was transferred to Independence, Missouri, in approximately October 2001. Holland worked as a forklift driver in the warehouse from 2002 until June 2003. This dispute concerns the time-period Holland worked as a forklift driver and Holland's subsequent transfer.

On June 3, 2003, after Sam's Club had previously reprimanded Holland for hitting and damaging a water pipe while operating a forklift, Holland damaged a freezer door frame, again while operating the forklift. The next day, Sam's Club transferred Holland to the electronics department as a stocker. After working for a period of time as a stocker in electronics, Holland took medical leave. Upon returning to work on August 29, 2003, Sam's Club assigned Holland as a door greeter. Holland's hourly wage and other benefits did not decrease due to her changes in position. On September 30, 2003, Holland was involved in an unfortunate incident with a customer. The customer filed a written complaint, and on October 6, 2003, Sam's Club terminated Holland for gross misconduct.

On January 2, 2004, Holland filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights. The EEOC issued Holland a right-to-sue letter, and Holland filed suit.

---

[2]The district court also granted summary judgment on a retaliation claim Holland never alleged in the complaint. Because Holland never alleged a retaliation claim in the complaint and does not expressly argue a retaliation claim on appeal, the retaliation claim is not properly before us and we will not consider it. See Fed. R. Civ. P. 8(a); United States v. Paz, 411 F.3d 906, 910 n.4 (8th Cir. 2005) (stating we will not consider issues that have been abandoned).

The district court granted Sam's Club's motion for summary judgment on all of Holland's claims. This appeal followed.

## II. DISCUSSION

We review de novo a grant of a motion for summary judgment, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party and granting the motion only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Libel v. Adventure Lands of Am., Inc., 482 F.3d 1028, 1033 (8th Cir. 2007).

### A. Timely Filing a Charge of Discrimination

Sam's Club argues Holland's hostile work environment claims under Title VII and the MHRA, and her gender discrimination claim under the MHRA are untimely. Holland must file a charge of discrimination within 300 days of the occurrence under Title VII and within 180 days under MHRA. See 42 U.S.C. § 2000e-5(e)(1) (requiring a charge of discrimination to be filed within 300 days of the occurrence of an alleged unlawful employment practice);[3] Mo. Rev. Stat. § 213.075(1) (same except 180 days); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002); Williams v. Jackson County Dep't of Corr., 23 F. App'x 619, 620 (8th Cir. 2001) (per curiam) (unpublished). Because Holland filed her charge of discrimination on January 2, 2004, only those acts occurring within 300 days of January 2, 2004, that is, after March 8, 2003, are actionable under Title VII, Morgan, 536 U.S. at 114, and only those acts occurring within 180 days of January 2, 2004, that is, after July 6, 2003, are actionable under the MHRA. Therefore, because all of the facts constituting Holland's alleged hostile work environment claim occurred before March 8, 2003, and the alleged adverse employment action (Holland's transfer to the electronics

---

[3]The State of Missouri created the Missouri Commission on Human Rights to hear employment discrimination claims. See Mo. Rev. Stat. § 213.030.

department)[4] occurred on June 4, 2003, these claims are untimely unless the time-period for filing was tolled.

Holland argues the district court erred by not applying the continuing violations doctrine to her hostile work environment claims. See generally Morgan, 536 U.S. at 117 ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). In the district court proceedings, Holland never designated the specific facts supporting the application of the continuing violations doctrine.[5] In ruling on a motion for summary judgment, the district court "is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim," rather the nonmoving party must designate the specific genuine issues of material fact that preclude summary judgment. Pedroza v. Cintas Corp. No. 2, 397 F.3d 1063, 1069 (8th Cir. 2005) (internal quotation marks omitted). Even though on appeal Holland designated the specific facts supporting the application of the continuing violations doctrine, Holland waived this argument by not presenting it to the district court. See Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 725 (8th Cir. 2002) ("Ordinarily, we do not consider an argument raised for the first time on appeal."). Holland's hostile work environment claims under Title

---

[4]Holland's counsel stated in a letter to the EEOC, "[Holland] does not claim and never has claimed that she was discharged from her employment on the basis of her sex," and her claim is instead "hostile workplace." Holland also testified in her deposition she is not claiming she was fired because of her gender.

[5]In Holland's Suggestion in Opposition to Defendant's Motion for Summary Judgment, Holland's continuing violations argument, in its entirety, stated, "there were many acts, thereafter, and inactions, as well, that were a part of the continuing pattern of a hostile work environment" and "[t]he entire record must be considered and that record creates many disputed issues of material fact about the last act of discrimination, the hostile work environment, and the retaliation claim, precluding summary judgment on each of those claims." Such general, conclusory, and cursory statements are not sufficient.

VII and the MHRA, and Holland's gender discrimination claim under the MHRA are untimely.

## B. Gender Discrimination under Title VII

Holland concedes no direct evidence supports her gender discrimination claim. Thus, we analyze the claim under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting framework. See Wells v. SCI Mgmt., L.P., 469 F.3d 697, 700 (8th Cir. 2006). To establish a prima facie case of gender discrimination, Holland must establish (1) she was a member of a protected class, (2) she was qualified for her job, (3) she suffered an adverse employment action, and (4) there are facts that give rise to an inference of gender discrimination. Id. The district court concluded Holland had not established a prima facie case of gender discrimination because Holland's transfer to the position of a stocker in the electronics department did not constitute an adverse employment action. "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." Wedow v. City of Kan. City, Mo., 442 F.3d 661, 671 (8th Cir. 2006) (quotation omitted).

Because Holland's transfer from operating a forklift in the warehouse to being a stocker in electronics involved no change in pay or benefits and only minor changes in Holland's working conditions, Holland's transfer did not constitute an adverse employment action. See Zhuang v. Datacard Corp., 414 F.3d 849, 854 (8th Cir. 2005) (stating "a transfer involving only minor changes in working conditions and no reduction in pay or benefits does not constitute an adverse employment action") (alterations omitted). Holland actually received a pay raise within weeks of her

transfer to the stocker position.[6]  Holland failed to establish a prima facie case of gender discrimination.

### C.    The Equal Pay Act

The Equal Pay Act prohibits discrimination "between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."  29 U.S.C. § 206(d)(1).  "Application of the Equal Pay Act depends not on job titles or classifications but on the actual requirements and performance of the job."  Simpson v. Merchs. & Planters Bank, 441 F.3d 572, 578 (8th Cir. 2006) (quoting EEOC v. Universal Underwriters Ins. Co., 653 F.2d 1243, 1245 (8th Cir. 1981)).  To survive a motion for summary judgment, Holland must present at least some evidence showing she and the other employees performed equal work under similar conditions.  See id.; Tenkku v. Normandy Bank, 348 F.3d 737, 741 n.2 (8th Cir. 2003).

The district court granted Sam's Club's motion for summary judgment on Holland's Equal Pay Act claim because Holland presented insufficient evidence to indicate a violation of the Act.  Holland's only evidence, a document identifying job titles,[7] which uses vague and unexplained titles to describe the employees' positions, fails to create a genuine issue of material fact regarding whether men and women

---

[6]As the district court reasoned, Holland testified by deposition she enjoyed her stocker position, describing her stocker job as free from stress and responsibility, and as fun.

[7]The exhibit describes the other employees' positions as Associate, Associate/Team Lead, Associate/Manager, Team Leader/Manager, Team Lead, or Department Manager.  The exhibit does not identify or explain job duties and responsibilities, educational and skill levels required, or working conditions involved.

performed equal work under similar conditions.  Holland clearly failed to offer sufficient evidence to establish a prima facie case under the Equal Pay Act.

## III.    CONCLUSION

Holland's remaining arguments are without merit.  <u>See</u> 8th Cir. R. 47B.  We affirm the judgment of the district court.

_____