SHEPHERD, Circuit Judge,
concurring in part and dissenting in part.
Because St. Martin failed to exhaust his administrative remedies as to the final job opening, I concur in the majority decision, affirming the district court’s grant of summary judgment as to that ADA claim. However, I believe there was direct evidence that Butler did not promote St. Martin because he regarded him as disabled. Accordingly, I would reverse and allow a jury to decide St. Martin’s ADA claims as to the first two job openings and all of his MHRA claims.
Under the ADA, an employee can recover from an employer that treats the em *1035 ployee “adversely because it regarded [the employee] as having an impairment that substantially limits one or more major life activities.” Weber v. Strippit, Inc., 186 F.3d 907, 915 (8th Cir.1999) (emphasis omitted). A “regarded as disabled” claim exists where “ ‘an employer mistakenly believes an actual, non-limiting impairment substantially limits one or more of the individual’s major life activities.’ ” Kirkeberg v. Canadian Pac. Ry., 619 F.3d 898, 906 (8th Cir.2010) (quoting Wooten v. Farmland Foods, 58 F.3d 382, 385 (8th Cir.1995)). Working is a major life activity under the ADA, and the ability to work is substantially limited where an impairment prevents an individual from working a broad class of jobs. Conant v. City of Hibbing, 271 F.3d 782, 784-85 (8th Cir.2001) (per curiam); 29 C.F.R. § 1630.2(i)(l)(i). As observed by the majority, St. Martin is entitled to relief if he can show that the City regarded him as being unable to perform a broad class of jobs and discriminated against him because of the perceived disability. The analysis of St. Martin’s MHRA claims is similar to the analysis of his ADA claims. See Ante at n. 3.
An employee can survive summary judgment on an ADA claim by presenting direct evidence of discrimination. Libel v. Adventure Lands of Am., Inc., 482 F.3d 1028, 1034 (8th Cir.2007). “ ‘[D]irect evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action.’ ” Id. (quoting Griffith v. City of Des Moines, 387 F.3d 733, 736-37 (8th Cir.2004)). “ ‘[D]irect’ refers to the causal strength of proof, not [to] whether it is ‘circumstantial’ evidence.” Griffith, 387 F.3d at 736. Use of a burden shifting framework is not necessary for the plaintiff to get his case to the jury where direct evidence exists; a plaintiff with direct evidence is entitled to get to the jury based on that evidence alone. See id.
St. Martin offered evidence of multiple statements related to his disability made by Butler, who was the decisionmaker in the hiring process. During St. Martin’s interviews for the several openings, Butler repeatedly questioned St. Martin about his knee injury. Butler told St. Martin that he did not believe St. Martin “could physically do the job” of fire chief. In discussing how St. Martin might improve himself as a candidate for future fire chief openings, Butler told St. Martin he could make an “investment in personal professional development and department involvement” but stated that given St. Martin’s “medical status” such development would “prove difficult.” Butler sent an email to human resources stating St. Martin “cannot do the job.... I would not willingly promote him unless I was forced to. I would prefer he retire, take his disability, and open up further options on the district chief list.” St. Martin was required to get medical clearance before being allowed to interview for the fire district chief positions although other applicants were not required to do so. Additionally, St. Martin was the second highest scoring candidate on the aptitude exam, was the first choice of the interview panels, and had a history of “outstanding” reviews during his eighteen-year career with the Fire Department.
The majority characterizes Butler’s statements as stray remarks and concludes that the statements by Butler are not direct evidence linking Butler’s discriminatory animus to his failure to promote St. Martin. See Ante at 1033. I disagree and would conclude Butler’s remarks are direct evidence sufficiently linking Butler’s animus to his failure to promote St. Martin.
Certainly, “ ‘[n]ot every prejudiced remark made at work supports an inference *1036 of illegal employment discrimination.’ ” Arraleh v. Cnty. of Ramsey, 461 F.3d 967, 975 (8th Cir.2006) (quoting Rivers-Frison v. Se. Mo. Cmty. Treatment Ctr., 133 F.3d 616, 619 (8th Cir.1998)). See, e.g., Twymon v. Wells Fargo & Co., 462 F.3d 925, 934 (8th Cir.2006) (finding for employer where decisionmaker’s racially suspect statements were not made “during the decisional process” of termination and appeared to be made with the intent of “attempting to preserve and promote” the employee). See also Arraleh, 461 F.3d at 975 (finding statement was not actionable because it was not made by a decisionmaker). “ “We have carefully distinguished between comments which demonstrate a discriminatory animus in the decisional process or those uttered by individuals closely involved in employment decisions, from stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process.’” Id. (quoting Rivers-Frison, 133 F.3d at 619). Direct evidence includes “evidence of actions or remarks of the employer that reflect a discriminatory attitude, comments which demonstrate a discriminatory animus in the decisional process, or comments uttered by individuals closely involved in employment decisions.” King v. United States, 553 F.3d 1156, 1161 (8th Cir.2009) (citations and internal quotation marks omitted). Where an employee has evidence of “‘conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting the alleged discriminatory attitude,’ ” this is direct evidence of discrimination. See Radabaugh v. Zip Feed Mills, Inc., 997 F.2d 444, 449 (8th Cir.1993) (quoting Ostrowski v. Atl. Mut. Ins. Cos., 968 F.2d 171, 182 (2d Cir.1992)) (discussing direct evidence in a mixed-motive case).
In this case, the evidence is direct because the discriminatory statements were made by the sole decisionmaker and directly related to St. Martin’s ability to do the job. Specifically, Butler stated that St. Martin could not “physically do the job” of fire chief. Moreover, Butler’s view of St. Martin as disabled was not limited to his perceived inability to perform one specific job. Instead, St. Martin has offered evidence that Butler regarded him as unable to perform a broad class of jobs. Butler stated that there was “no return to work” option for St. Martin. These were not stray or isolated remarks; they were repeated statements directly addressing St. Martin’s ability to perform the major life function of working, and they were statements made by the decisionmaker.
Whether Butler’s proffered reasons for not promoting St. Martin were his actual reasons or whether he did not promote St. Martin because he regarded St. Martin as disabled is a question of fact for the jury. To affirm the grant of summary judgment in this case erroneously takes away from the jury a question of fact and denies St. Martin the trial to which he is entitled based on the direct evidence he has offered.