# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3657
_____

Estate of James Earl Turner, Lauren Turner Boyd as co-personal representative,
Estate of James Earl Turner, Deceased

*Plaintiff - Appellant*

v.

Calhoun County Sheriff's Department

*Defendant*

Vernon Morris, Sheriff Calhoun County, individually and in his official capacity
as Calhoun County Sheriff; Jarad Hennegan, individually and in his official
capacity as Calhoun County Jail Administrator; Tom Turner, individually and in
his official capacity as an agent of the Calhoun County Sheriff's Department;
Glenn Johnson, individually and in his official capacity as an agent of Calhoun County

*Defendants - Appellees*

Arkansas Association of Counties

*Defendant*
_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado
_____

Submitted: January 11, 2023
Filed: June 6, 2023
[Unpublished]
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

The Estate of James Turner brought this 42 U.S.C. § 1983 action against a sheriff's department and several officials after James Turner died of chronic alcoholism and hypertensive cardiovascular disease while in the department's custody. The complaint alleged deliberate indifference to Turner's serious medical needs in violation of the Fourteenth Amendment. The district court[1] granted the defendants' motion for summary judgment finding no constitutional violation and finding in the alternative no violation of a clearly established right as required to defeat qualified immunity. In particular, the district court determined Turner suffered from a serious medical condition but the defendants did not subjectively appreciate that his medical condition was serious. The district court also determined the defendants were not deliberately indifferent in that they twice offered, and Turner twice rejected, medical care. Finally, the district court granted summary judgment as to official-capacity claims and declined to retain jurisdiction over related state-law claims.

The district court based its ruling in large part on facts as asserted by the defendants in a statement of material undisputed facts. The Estate did not file a separate responsive statement of facts. Accordingly, by local rule, the district court deemed the factual assertions in defendants' statement to be admitted. See W.D. Ark. L.R. 56.1(c).

On appeal, the Estate does not present legal argument related to the substantive standards governing its deliberate indifference claim or qualified immunity. Rather,

_____

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

the Estate identifies general summary judgment standards and the need to draw reasonable inferences in the non-moving party's favor. Then the Estate cites four statements of fact from the district court's order with accompanying citations to the summary judgment record to purportedly contradict the district court's statements. As to each one of the four, however, any purported distinction is either (1) an impermissible and belated attempt to contest a previously uncontested statement from the defendants' statement of facts or (2) immaterial in that it does not demonstrate the existence of a material dispute of fact when measured against the substantive legal standards governing this case. Accordingly, we conclude the Estate has presented no meaningful basis to disturb the district court's ruling. See Libel v. Adventure Lands of America, Inc., 482 F.3d 1028, 1033 (8th Cir. 2007) (finding no abuse of a district court's discretion in applying an analogous local rule and treating a defendant's unchallenged statement of facts as admitted, stating, "The district court was not obliged to scour the record looking for factual disputes.").

We affirm the judgment of the district court.

_____