# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-2412

_____

United States of America,      *

Appellee,      *

     *

v.      *

Hector Diego Paz, Jr.,      *

Appellant.      *

Appeal from the United States
District Court for the
District of South Dakota.

_____

Submitted: February 16, 2005
Filed: June 14, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Hector Diego Paz, Jr. appeals his sentence after pleading guilty to sexual abuse of a minor within Indian country in violation of 18 U.S.C. §§ 1153 and 2243(a). Paz argues that the district court[1] made findings of facts to impose a sentence in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004). He also argues that the district court's written order of judgment and commitment does not meet the specificity

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

requirement of 18 U.S.C. § 3553(c)(2). We affirm the sentence imposed by the district court.

## I. BACKGROUND

Around August 2003, Hector Diego Paz, Jr. moved into his parents' home on the Cheyenne River Sioux Tribe Reservation in LaPlant, South Dakota. Within weeks of his arrival in LaPlant, Paz began an intimate relationship with a 13-year-old female neighbor. On two separate occasions, he engaged in illegal sexual conduct with the 13-year-old female. About the same time, Paz also engaged in illegal sexual conduct with another 13-year-old female. The encounter with the second victim led to Paz's arrest by the Cheyenne River Sioux Tribal Law Enforcement Services. Paz was 20 years old at the time of the illegal sexual conduct.

Paz was subsequently indicted on multiple counts of sexual abuse of a minor within Indian country in violation of 18 U.S.C. §§ 1153 and 2243(a). In the Statement of Factual Basis filed at the time of his guilty plea to one count, Paz admitted to the least egregious incident of illegal sexual conduct with his first victim. Prior to sentencing, the United States Probation Office prepared a presentence investigation report ("PSR"). The PSR contained facts relating to other instances of illegal sexual conduct with the two victims and to Paz's substantial criminal history. Though Paz initially objected to the PSR's recitation of the other instances of illegal sexual conduct, his objection was withdrawn at sentencing. Also prior to sentencing, Paz sent letters to the district court and to his two victims and their families apologizing for his illegal conduct.

Relying on the now-undisputed facts in the PSR, the letters sent by Paz prior to sentencing and other admissions made by Paz, the district court calculated a guidelines offense level of 22 based on Paz's pattern of prohibited sexual conduct. *See* U.S. Sentencing Guidelines Manual § 4B1.5(b)(1) (2002). The district court's

finding of a pattern of prohibited sexual conduct effectively represented a seven-level sentencing guidelines enhancement for Paz. In addition, the district court departed upward by increasing Paz's criminal history category from III to IV pursuant to U.S.S.G. § 4A1.3 because it found that a criminal history category of III seriously under-represented the seriousness of Paz's criminal history and the likelihood he would commit other crimes. The district court then granted Paz a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. Based on a total offense level of 19, a criminal history category of IV, and a sentencing range of 46 to 57 months, the district court sentenced Paz to 57 months' imprisonment.

Paz filed a timely notice of appeal. He argues for the first time on appeal that the district court violated the rule announced in *Blakely* when it imposed a sentence based on facts not admitted by Paz as part of his guilty plea. Specifically, Paz claims that the Sixth Amendment prohibited the district court from increasing his sentence by finding that he had committed two other acts of illegal sexual conduct and by relying on his substantial criminal history because these were facts not admitted to as part of his guilty plea. Paz also claims that the district court's written order of judgment and commitment did not state with the requisite specificity the reasons for the upward departure.

## II.    DISCUSSION

### A.    Sentencing

Paz does not challenge on appeal the district court's interpretation or application of the federal sentencing guidelines.[2] *See United States v. Mashek*, 406

---

[2]Specifically, Paz does not challenge the district court's decision to depart upward based on his substantial criminal history, *see infra* n.4, nor its application of the § 4B1.5(b)(1) enhancement based on its finding that Paz engaged in a pattern of prohibited sexual conduct.

F.3d 1012, 1016-17 (8th Cir. 2005) (reviewing a sentence is a two-step process that begins with an analysis of the application of the guidelines). Instead, he argues that the district court violated the rule announced in *Blakely* when it imposed a sentence based on facts not contained in his guilty plea.

As an initial matter, we do not believe that the district court imposed an unconstitutional sentence. Relying on facts admitted by a defendant does not violate the Sixth Amendment. *United States v. Booker*, 125 S. Ct. 738, 756 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). Facts presented in a PSR are deemed admitted unless the defendant objects to those facts. *United States v. Yahnke*, 395 F.3d 823, 825 n.2 (8th Cir. 2005) ("[The defendant] admit[ted] the violations occurred, both by not objecting to the [PSR] and in his brief to this court."). Finally, the fact of a prior conviction is a sentencing factor for a court to consider when imposing a sentence, *Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998), and, therefore, excepted from the Sixth Amendment's general prohibition against judicial fact-finding. *See Booker*, 125 S. Ct. at 756.

In this case, the facts relied on by the district court as the grounds for the § 4B1.5(b)(1) enhancement were either admitted by Paz in letters sent prior to sentencing[3] or deemed admitted when Paz withdrew his objection to the PSR's recitation of the facts relating to the other instances of illegal sexual conduct. The § 4A1.3(a) upward departure was based on uncontested prior convictions and unobjected-to facts relating to those convictions which were also in the PSR.

---

[3]For example, in his letter to the district court, Paz wrote, "I should have known better not to have sex with underage girls."

Although the district court did not find facts in violation of the Sixth Amendment, Paz still could argue that the district court improperly applied the guidelines in a mandatory fashion. *See United States v. Pirani*, 406 F.3d 543, 551 (8th Cir. 2005); *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). At his sentencing, however, Paz did not object to his sentence on the basis of "*Apprendi* or *Blakely* error or [argue] that the Guidelines were unconstitutional." *Pirani*, 406 F.3d at 549 (quoting *United States v. Antonakopoulos*, 399 F.3d 68, 76 (1st Cir. 2005)). Because Paz failed to preserve for appellate review any challenge to the guidelines, we apply the plain-error test set forth in *United States v. Olano*, 507 U.S. 725, 732-36 (1993). *Pirani*, 406 F.3d 549-50. The test has been stated as follows:

> before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Id.* at 550 (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

As in *Pirani*, the first two factors are satisfied because the district court erred in applying the guidelines in a mandatory fashion, and that error is plain at the time of appellate review. *See Pirani*, 406 F.3d at 550. To satisfy the third *Olano* factor, Paz must prove by a preponderance of the evidence that there exists "a reasonable probability that he would have received a more favorable sentence with the *Booker* error eliminated by making the Guidelines advisory." *Id.* at 551.

Paz cannot demonstrate that there exists a reasonable probability that the district court would have imposed a more favorable sentence under an advisory guidelines system. First, the district court, in its discretion, chose to depart upward

because Paz's criminal history category substantially under-represented the seriousness of his criminal history and the likelihood he would commit other crimes. *See United States v. Sayre*, 400 F.3d 599, 601 (8th Cir. 2005) (recognizing the futility of remanding a sentence for the application of advisory guidelines where the district court had previously departed upward). Second, not only did the district court depart from a guidelines range of 37 to 46 months to a range of 46 to 57 months, but it also sentenced Paz to the highest sentence available in that range, 57 months.

We conclude, therefore, that Paz cannot prove by a preponderance of the evidence that the district court's error affected a substantial right. Because Paz cannot demonstrate that there exists a reasonable probability that he would receive a more favorable sentence under an advisory guidelines system, we need not proceed to the fourth factor of the plain-error test, "whether to exercise our discretion to review a plain error because it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Pirani*, 406 F.3d at 553 (quoting *Johnson*, 520 U.S. at 467). Consequently, Paz's sentence does not warrant remand under *Booker*.

## B. Written Order of Judgment and Commitment

Finally, we turn to the issue of whether the district court adequately stated in the written order of judgment and commitment the reasons for the § 4A1.3 upward departure leading to Paz's particular sentence.[4] When a district court departs outside

---

[4]Though at sentencing he objected to the district court's decision to depart upward pursuant to § 4A1.3(a), Paz abandoned this argument on appeal. Instead, Paz argues that "[t]he district court departed above the statutory maximum sentence as set forth by the Federal Sentencing Guidelines without complying with [18 U.S.C. § 3553(c)(2)] and based upon a judicial finding of fact." At most, Paz makes fleeting references to what he argues are the district court's ambiguous and potentially erroneous reasons for the departure. However, he makes these references in the context of the adequacy of the district court's written order and not as a challenge to the district court's decision to depart. *See* Fed. R. App. P. 28(a); *see also Hays v.*

-6-

the recommended range of the guidelines, it must state in open court and in the written order of judgment and commitment the reasons for that particular sentence. 18 U.S.C. § 3553(c)(2). The purpose of § 3553(c)(2) is to inform the parties of the reasons for a particular sentence outside of the guidelines range, to aid the reviewing court in determining the appropriateness of any guidelines departure or § 3553(a) variance, and to assist the Sentencing Commission in collecting sentencing data and in maintaining a comprehensive database on all federal sentences. *See United States v. White Face*, 383 F.3d 733, 739 & n.5 (8th Cir. 2004).

In deciding that a § 4A1.3(a) upward departure was appropriate to better account for Paz's substantial criminal history and the likelihood of recidivism, the district court discussed in open court the litany of offenses Paz committed as a juvenile. *See* U.S.S.G. § 4A1.3(a)(2)(A). The district court also discussed Paz's persistent history of incorrigible and noncompliant behavior, such as a strong propensity to disregard conditions of probation and his numerous attempts to evade and flee from law enforcement. The district court then stated in the written order of judgment and commitment that it departed from the recommended guideline range because:

> The Court found reliable information existed to indicate that the defendant's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he will commit other crimes. The Court also found the defendant's criminal history is significantly more serious than that of most defendants in the same criminal history category.

---

*Hoffman*, 325 F.3d 982, 986 n.2 (8th Cir. 2003) (affirming the portion of the district court's judgment not raised in the appellant's Statement of the Issues or argued in the brief); *United States v. Gonzales*, 90 F.3d 1363, 1369-70 (8th Cir. 1996) (refusing to consider issues that are deemed abandoned on appeal).

While the district court might have stated its reasons for the upward departure with a higher degree of specificity in writing, the above statement adequately informs the parties, the Court and the Sentencing Commission of its reasons. Regardless, any potential prejudice to the parties was nullified when the district court stated with great specificity in open court the reasons for its decision to depart upward. We conclude, therefore, that the district court's written statement does not constitute reversible error.

## III. CONCLUSION

Paz cannot demonstrate that his sentence imposed under a mandatory guidelines system constitutes plain error warranting remand under *Booker*. Further, the district court's written order of judgment and commitment stated with sufficient specificity the reasons for Paz's particular sentence. Accordingly, Paz's sentence is affirmed.

_____