DeMOSS, Circuit Judge,
dissenting:
With all due respect, I dissent because the case should be remanded to the district court for supplementation of the written order with specific reasons for the decision to upwardly depart.
The PROTECT Act provides in pertinent part:
(c) Statement of reasons for imposing a sentence. — The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence ...
(2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgement and commitment
18 U.S.C. § 3553(c)(2) (emphasis added). Similarly, the relevant portions of the Guidelines state:
(c) WRITTEN SPECIFICATION OF BASIS FOR DEPARTURE. — In departing from the otherwise applicable criminal history category ... the court shall specify in imiting the following:
(1) In the ease of an upward departure, the specific reasons why the applicable criminal history category substantially under-represents the seriousness of the defendant’s criminal history or the likelihood that the defendant will commit other crimes.
U.S.S.G. § 4A1.3(c)(1) (emphasis added).
The requirement that district courts give specific, written reasons survives Booker. See Saldana, 427 F.3d at 310 n. 46.
In support of its drastic upward departure (from between twenty-seven and thirty-three months to sixty months) the district court stated: “Pursuant to 4A1.3. The defendant’s Criminal History Category does not adequately reflect the seriousness of the defendant’s conduct.” Because the second sentence merely re-states the standard for a departure under § 4A1.3, the written statement would have been equally useful had it simply stated “Pursuant to 4A1.3.” and nothing else. “Pursuant to 4A1.3” is a far cry from “specific” reasons, see U.S.S.G. § 4A1.3(c)(1), reasons “stated with specificity,” see 18 U.S.C. § 3553(c)(2), or “fact specific” reasons, see, e.g., Mares, 402 F.3d at 519.
In arriving at its conclusion that the district court’s written reason satisfied § 3553(c)(2), the majority cites Paz, 411 F.3d 906. However, I find Paz unhelpful here for several reasons.
First, Paz is unconvincing because it contains no reasoning to support its conclusion. Therefore, it fails to address the proper statutory interpretation of “reasons” in § 3553(c)(2). Second, Paz does not resolve the precise issue in this case because the defendant there argued that giving inadequate written reasons required a vacatur of the sentence. See Paz, 411 F.3d at 910-11. In contrast, Zuniga-Per-alta does not ask us to vacate, but only to remand for supplementation of the written *350 order. Finally, Paz is not binding authority in this Circuit.
The requirement that district courts write down factual reasons for an upward departure that greatly increases a defendant’s sentence is not overly burdensome. Moreover, allowing district courts to disregard the requirement puts a burden on this Court by requiring us to comb the transcripts for every conceivable reason for the district court’s decision. Finally, any burden that district courts may incur when complying with § 3553(c)(2) is for Congress to consider, not this Court. As written, § 3553(c)(2) requires that district courts give in their written order factual reasons for an upward departure. In the “brave new world” of sentencing post-Booker, I would hope that sentencing judges would make a habit of giving written and specific factual reasons for any sentence above or below a properly calculated Guideline range.