# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3245

_____

United States of America,      *
     *
        Appellee,      *    Appeal from the United States
     *    District Court for the
     v.      *    District of Nebraska.
     *
Jesus Nevarez-Sanchez,      *    [UNPUBLISHED]
     *
        Appellant.      *

_____

Submitted: February 16, 2006
Filed: April 10, 2006

_____

Before BYE, HEANEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jesus Nevarez-Sanchez appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on the grounds there was insufficient evidence to sustain the conviction. Nevarez-Sanchez also argues the district court[1] erred by enhancing his sentence based on his prior convictions and obstruction of justice without submitting the issues to a jury as required by United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

_____

[1] The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

We review a conviction based upon the sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict. United States v. Frauendorfer, 428 F.3d 1115, 1118 (8th Cir. 2005). Under this strict standard, "[w]e reverse only if no reasonable jury could have found [the Defendant] guilty beyond a reasonable doubt." Id. If the evidence rationally supports two conflicting hypotheses, the verdict should not be disturbed. United States v. O'Connell, 841 F.2d 1408, 1424 (8th Cir. 1988).

We conclude the evidence, taken in the light most favorable to the verdict, is sufficient. Nevarez-Sanchez, using a suspended license, was driving a vehicle borrowed from a friend whose name he could not recall at the time he was pulled over. The vehicle was reported to state trooper Bruce Okamoto by dispatch as traveling at thirty to forty miles per hour on the interstate. Okamoto followed the vehicle as it exited the interstate and looped around a truck stop parking area. As Okamoto approached the vehicle, Nevarez-Sanchez reclined the driver's seat for at least thirty seconds and was observed kicking a butane torch out of Okamoto's view. After obtaining consent for a search, Okamoto found a firearm underneath the driver's seat. This evidence, combined with the trial testimony of the vehicle's owner that he did not own a firearm or keep one in the vehicle and the testimony of Nevarez-Sanchez which conflicted with his prior statements to Okamoto, is sufficient to sustain his conviction for being a felon in possession of a firearm.

Nevarez-Sanchez also appeals the sentencing enhancements imposed by the district court. Review of the district court's application of the United States Sentencing Guidelines is de novo, while review of the court's findings of fact is for clear error. 18 U.S.C. § 3742(e); United States v. Killgo, 397 F.3d 628, 631 (8th Cir. 2005); United States v. Nichols, 416 F.3d 811, 821 (8th Cir. 2005) (applying standard of review to an obstruction of justice enhancement). Judicial findings of prior convictions, whether admitted to by a defendant, do not run afoul of Booker or the Sixth Amendment. See United States v. Paz, 411 F.3d 906, 909 (8th Cir. 2005). In

any event, Nevarez-Sanchez did not object to the prior convictions listed in the pre-sentence report (PSR) and therefore admitted those prior convictions for purposes of sentencing. Id. Accordingly, the district court committed no error when it considered Nevarez-Sanchez's prior convictions in determining his sentence.

Nevarez-Sanchez objected to the PSR insofar as it recommended a sentence enhancement for obstruction of justice. An obstruction of justice enhancement may be applied when a defendant gives "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Ziesman, 409 F.3d 941, 956 (8th Cir. 2005); U.S.S.G. § 3C1.1. It is undisputed Nevarez-Sanchez testified falsely at trial. Indeed, his prior statement to officer Peterson that he knew the firearm was in the vehicle was directly refuted by Nevarez-Sanchez at trial. The district court made the requisite findings to impose an obstruction of justice enhancement and did not clearly err in so doing. See United States v. Kessler, 321 F.3d 699, 703 (8th Cir. 2003).

We therefore affirm the district court.

_____