# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3945

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Leonard L. Jones, also known as | * | District of South Dakota. |
| Artie Boy Jones, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 13, 2006
Filed: December 18, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Leonard Jones appeals the concurrent 120-month and 180-month prison sentences the district court[1] imposed after he pleaded guilty to aiding and abetting a third-degree burglary, in violation of 18 U.S.C. § 1153 and S.D.C.L. § 22-32-8, and engaging in a sexual act with a minor between the ages of 12 and 16 years, in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(A). Although Jones's total sentence was 55 months below his advisory Guidelines range of 235-293 months, he

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

contends that his sentence violates his constitutional right to due process because there is "'an extreme disparity between the crime charged and the sentence imposed.'" (Br. at 6-7 (quoting United States v. Red Elk, 368 F.3d 1047, 1051-52 (8th Cir. 2004 ) (reversed on other grounds) (citing United States v. Galloway, 976 F.2d 414, 426 (8th Cir. 1992)))).) He also maintains that the district court did not take into account each of the factors listed in 18 U.S.C. § 3553(a), and that his sentence is unreasonable when compared with the 57-month sentence imposed for a sexual abuse crime in United States v. Paz, 411 F.3d 906 (8th Cir. 2005).

We review the district court's sentencing decision for unreasonableness under section 3553(a), and we will reverse only for an abuse of discretion. See United States v. Booker, 543 U.S. 220, 261-62 (2005) (sentences are reviewed for unreasonableness; section 3553(a) factors will guide appellate courts in determining whether sentence is unreasonable); United States v. Maurstad, 454 F.3d 787, 789 (8th Cir. 2006) (district court should calculate Guidelines range, determine if departure is warranted under Guidelines, then consider the sentencing factors in section 3553(a) in imposing reasonable sentence; this court reviews for abuse of discretion); United States v. Haack, 403 F.3d 997, 1001 (8th Cir.) (method for post-Booker sentencing involves determining availability of Guidelines departures and consideration of factors under § 3553(a) for non-Guidelines, non-departure sentences), cert. denied, 126 S. Ct. 276 (2005).

Prior to pronouncing its sentence, the district court expressly stated that it was taking into account all the section 3553(a) factors. For example, the court acknowledged Jones's young age, difficult upbringing, and criminal record. See 18 U.S.C. § 3553(a)(1) (factor includes history and characteristics of defendant); see also United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (district court was not required to mention "§ 3553(a)" in sentencing defendant; relevant inquiry is whether court actually considered § 3553(a) factors and whether appellate court's review of those factors leads it to conclude that they support a finding of

reasonableness). Moreover, the disparity between Jones's overall sentence and the sentence imposed in <u>Paz</u> is not unwarranted. <u>See</u> 18 U.S.C. § 3553(a)(6) (need to avoid unwarranted disparities among defendants with similar records who are guilty of similar conduct). Even assuming the crime Jones committed was similar to the one committed by the defendant in <u>Paz</u>, Jones was convicted of an additional crime, and had a higher offense level and Guidelines range. <u>See</u> <u>Paz</u>, 411 F.3d at 908 (defendant pleaded guilty to one count of sexual abuse of minor; his total offense level was 19, and his Guidelines range was 46-57 months). The district court's sentencing decision was not unreasonable.

 Accordingly, we affirm.

_____