**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-61041
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WILLIE RUSSELL

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-102-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Willie Russell appeals the sixty-month statutory maximum sentence imposed by the district court following the revocation of his supervised release. Russell contends that the sixty-month sentence is unreasonable both procedurally and substantively.

Russell argues for the first time on appeal that the sentence is procedurally unreasonable because the district court failed to adequately explain

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its reasons for the sentence. Accordingly, we review that issue for plain error. *See United States v. Lopez-Velasquez,* 526 F.3d 804, 806 (5th Cir.), *cert. denied,* 129 S. Ct. 625 (2008). To establish plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). An error affects an appellant's substantial rights if the error affected the outcome in the district court. *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). If the appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 129 S. Ct. at 1429; *see also United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).

Under 18 U.S.C. § 3553(c), when a district court departs outside the recommended range of the Sentencing Guidelines or policy statements, it must state in open court and in its written order of judgment and commitment the reasons for that particular sentence. § 3553(c). Here, the district court gave a lengthy oral explanation for its sentence on the record that was more than adequate to explain its reasoning for assessing a sentence recommended by the applicable policy statement. *See* U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(a), p.s. However, the district court's written order of judgment and commitment did not articulate the court's reasons for assessing a sentence above the range suggested by the applicable policy statement. This failure arguably constitutes an obvious error under §3553(c)(2).

Nonetheless, we conclude that the error did not affect Russell's substantive rights. The lack of a written explanation would not mandate a resentencing. "[T]he remedy [ ] would be not a vacating of the sentence, but a remand for correction of the written judgment. The clarity and correctness of the court's reasoning supporting departure leave no room to require resentencing." *United States v. Zuniga-Peralta*, 442 F.3d 345, 349 n.3 (5th Cir. 2006). Given the

detailed explanation already given, the lack of a written statement of reasons did not affect Russell's substantial rights because it could not affect the outcome of the case or our ability to review the district court's decision. Moreover, the district court's oral explanation of reasons sufficiently served § 3553(c)(2)'s purpose – "to inform the parties of the reasons for a particular sentence outside of the guidelines range, to aid the reviewing court in determining the appropriateness of any guidelines departure . . . , and to assist the Sentencing Commission in collecting sentencing data and in maintaining a comprehensive database on all federal sentences." *Zuniga-Peralta*, 442 F.3d at 348 (quoting *United States v. Paz*, 411 F.3d 906, 911 (8th Cir. 2005)). Accordingly, the district court's failure to articulate in writing its reasons for this particular sentence does not warrant reversal.

Turning to Russell's substantive reasonableness challenge, any error also was not preserved. Russell contends that his attorney's argument about the district court's consideration of certain hearsay statements constitutes an objection to the reasonableness of the sentence. It does not. However, the standard of review is not determinative here because the sentence passes muster under any standard. *See Puckett*, 129 S. Ct. at 1429; *United States v. Hinson*, 429 F.3d 114, 120 (5th Cir. 2005).

In imposing a sentence upon the revocation of supervised release, a district court may impose any sentence that falls within the maximum term of imprisonment allowed by statute. *See* 18 U.S.C. § 3583(e)(3). The district court is to consider the factors set forth in § 3553(a) and the advisory policy statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Mathena*, 23 F.3d 87, 90 (5th Cir. 1994).

Although Russell's sixty-month sentence exceeds the range suggested by the policy statement, it does not exceed the statutory maximum term of imprisonment. *See* 18 U.S.C. §§ 3559(a)(1), 3583(e)(3); U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(a), p.s. We find no error in the district court's

consideration of the § 3553 factors and its application of the factors to the facts of Russell's case. Russell's sentence is neither unreasonable nor plainly unreasonable, and he has not demonstrated plain error. *See Hinson*, 429 F.3d at 120 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.