# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2720

_____

United States of America,

*Plaintiff - Appellee*,

v.

David Vincent Gierlus,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 16, 2014
Filed: July 15, 2014
[Unpublished]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

David Vincent Gierlus, a physician, pleaded guilty to unlawful distribution of a Schedule III controlled substance. The district court[1] sentenced Gierlus to ninety-six

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

months' imprisonment, a fine of $400,000, and a five-year term of supervised release. Gierlus appeals, arguing that the district court committed procedural error and abused its discretion in determining the amount of the fine and in imposing the term of supervised release. We affirm.

I.

In January 2013, a grand jury charged Gierlus with ninety-five counts of unlawful distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(E)(i), and 841(b)(2). The indictment alleged that Gierlus distributed the controlled substances "not for a legitimate medical purpose and outside the scope of professional practice." Gierlus pleaded guilty to one of the unlawful-distribution charges, pursuant to a written plea agreement. As the factual basis for his guilty plea, Gierlus admitted that he "had inappropriately engaged in sexual contact" with a female patient before prescribing her hydrocodone "for other than a legitimate medical purpose."

At sentencing, the parties agreed that the sentencing guidelines called for an advisory range of seventy-eight to ninety-seven months' imprisonment, a fine of $12,500 to $500,000, and a period of supervised release of at least two years. The parties agreed to recommend to the court a sentence of ninety-six months' imprisonment, but made no joint recommendation about the amount of the fine or the length of the term of supervised release.

At the sentencing hearing, the government sought a fine of $500,000 and a ten-year period of supervised release. Gierlus countered by urging a fine of $12,500 and a three-year term of supervised release. After considering the factors laid out in USSG § 5E1.2(d) and 18 U.S.C. §§ 3553(a) and 3572(a), the district court sentenced Gierlus to ninety-six months' imprisonment, a fine of $400,000 and a five-year term of supervised release.

## II.

The district court explained its determination of the $400,000 fine as follows:

> Calculating a fine is difficult here. It's an unusual case to the extent that you could pay the maximum. I recognize there are some mitigating factors here with respect to the fine.
>
> But what I ultimately have decided to do is structure the fine in a way that makes sense to me, and in doing so I in no way say that this is what happened—or what it was worth, what happened, but this is how I've decided to structure it.
>
> For each woman you injected and then sexually assaulted, I impose a fine of $100,000, for a total of $300,000. For each of the four additional women to whom you made sexual advances that they were required to accept in order to obtain controlled substances from you, I impose a fine of $25,000 each, for an additional fine of $100,000. The total imposed is therefore $400,000.

Gierlus asserts that the district court improperly relied on unproved conduct to which he did not plead guilty, but a district court is not prohibited from considering uncharged or even acquitted conduct in calculating a defendant's sentence. *United States v. Wohlman*, 651 F.3d 878, 884 (8th Cir. 2011). Gierlus withdrew all objections to the facts set forth in the presentence report, S. Tr. 6, and the district court permissibly accepted those facts as true for purposes of sentencing. Fed. R. Crim. P. 32(i)(3)(A); *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005). Whatever the district court might have had in mind when it said that it would "in no way say this is what happened—or what it was worth," the pertinent facts in the presentence report were admitted, and it was not an abuse of discretion for the court to select $100,000 per victim as a measure for an appropriate fine.

Gierlus also complains that the district court failed adequately to weigh the statutory and guideline factors that govern imposition of a fine. *See* 18 U.S.C. § 3572(a); USSG § 5E1.2. The record shows that the court did consider the need for the combined sentence to reflect the seriousness of the offense, USSG § 5E1.2(d)(1); S. Tr. 27, 30–32, 46, 53–60, the need to deprive Gierlus of illegally obtained gains, 18 U.S.C. § 3572(a)(5); S. Tr. 18–21, the burden the fine would place on Gierlus's dependents, 18 U.S.C. § 3572(a)(2); USSG § 5E1.2(d)(3); S. Tr. 21–28, and other pertinent equitable considerations. USSG § 5E1.2(d)(8); S. Tr. 57–58. A district court has wide discretion to weigh the undifferentiated factors in a given case. *United States v. Morais*, 670 F.3d 889, 893 (8th Cir. 2012). Given the seriousness of the criminal conduct, and the fact that more than $2 million in assets remained for Gierlus's wife and children after imposition of the fine, we do not think the district court abused its considerable discretion.

Gierlus next objects that the district court abused its discretion by imposing a five-year term of supervised release, rather than the three-year term that he suggested. The term imposed was within the statutory range, and Gierlus identifies no compelling reason why the selection of five years was unreasonable. That he had surrendered his license to practice medicine and had no criminal history does not dictate that only a shorter term was permissible. On the other side of the balance, the district court also was permitted to consider the circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence. 18 U.S.C. § 3583(c). Insofar as Gierlus asserts procedural error by the district court in failing to consider adequately the statutory factors under § 3583(c) or to explain particularly the choice of a five-year term, he forfeited those claims by failing to object at sentencing. In any event, the district court did discuss the principal statutory factors on the record, S. Tr. 53–58, and there is no requirement for the court on its own initiative specifically to justify the number of years selected.

\*     \*     \*

The judgment of the district court is affirmed.

_____