# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-3847

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher L. Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: August 7, 2017
Filed: August 16, 2017
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Christopher Johnson challenges the sentence the District Court[1] imposed after he pleaded guilty to charges of attempting to entice a

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

minor to engage in sexual activity. Johnson's written plea agreement included an appeal waiver. His counsel has moved to withdraw and has submitted a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that the sentence is unreasonable. Johnson has a filed a pro se supplemental brief arguing that he received ineffective assistance of counsel, that his sentence was improperly enhanced, that the indictment was erroneous, that the restitution order was improper, and that the government improperly argued disputed facts from the presentence report (PSR).

We conclude that the appeal waiver is valid and should be enforced as to the sentencing and indictment issues. The record demonstrates that Johnson entered into the plea agreement and the appeal waiver knowingly and voluntarily, the arguments fall within the scope of the waiver, and no miscarriage of justice would result from enforcing the waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo the validity and applicability of an appeal waiver); United States v. Andis, 333 F.3d 886, 890–92 (8th Cir.) (en banc) (discussing enforcement of appeal waivers), cert. denied, 540 U.S. 997 (2003); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (noting that "the defendant's representations during the plea-taking carry a strong presumption of verity").

Johnson's challenge to the restitution order, however, falls outside the scope of the appeal waiver. See United States v. Sistrunk, 432 F.3d 917, 918 (8th Cir. 2006) (concluding that a restitution order was beyond the scope of an appeal waiver under which defendant had waived his right to appeal his sentence). Nevertheless, the District Court did not commit plain error, so the claim fails on the merits. See United States v. Louper-Morris, 672 F.3d 539, 566 (8th Cir. 2012) (reviewing a restitution order for plain error where the defendant did not object at sentencing). To the extent Johnson is asserting that the government's assertion of facts from the PSR constituted prosecutorial misconduct, that claim likewise falls outside the appeal waiver but also fails because the PSR's facts were not disputed at the time of sentencing. See United States v. Clayton, 787 F.3d 929, 933 (8th Cir. 2015)

-2-

(explaining that to establish prosecutorial misconduct, a defendant must show that the government's conduct was improper and affected his substantial rights such that he was deprived of a fair proceeding); United States v. Thomas, 615 F.3d 895, 899–900 (8th Cir. 2010) (determining that the district court did not err in considering facts in the PSR that defendant initially disputed because defense counsel withdrew the objections at sentencing).

We decline to consider the ineffective-assistance claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826–27 (8th Cir. 2006) ("Claims of ineffective assistance of counsel . . . are usually best litigated in collateral proceedings . . . .").

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. We enforce the appeal waiver as to the sentencing and indictment issues, decline to address the ineffective-assistance claim, grant counsel's motion to withdraw, and otherwise affirm.

_____