# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3059
_____

United States of America

*Plaintiff - Appellee*

v.

Tiburcio Ramirez-Jimenez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: September 24, 2018
Filed: November 2, 2018
[Published]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Tiburcio Ramirez-Jimenez, a citizen of Guatemala, pleaded guilty to unlawful use of identification documents in violation of 18 U.S.C. § 1546(a) and was sentenced by the district court[1] to time served in prison. Ramirez-Jimenez appeals, arguing that

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

defense counsel provided ineffective assistance in failing to adequately warn him about the immigration consequences of his guilty plea. We affirm.

Ramirez-Jimenez was encountered by the Border Patrol after illegally entering the United States in 2011. He was released on his own recognizance and joined his parents in Waterloo, Iowa. In March 2016, Ramirez-Jimenez was taken into Immigration and Customs Enforcement (ICE) custody following a driving conviction in Tama County, Iowa. He bonded out of ICE custody the following month. One year later, he was charged with driving with a suspended license and providing the arresting officers with a false name. Advised that Ramirez-Jimenez claimed to be employed by a company in Waterloo, ICE investigated and learned that he had used a false social security card and a false permanent resident card in completing an I-9 immigration form. In May 2017, he was given a suspended sentence by Tama County, placed in ICE custody, and charged with violating 18 U.S.C. § 1546(a).

On June 20, 2017, Ramirez-Jimenez appeared for a change-of-plea hearing with appointed counsel, an Assistant Federal Public Defender. In advising Ramirez-Jimenez of the punishment he would face if he pleaded guilty, Magistrate Judge C.J. Williams[2] explained:

> THE COURT: Are you a United States citizen?
>
> DEFENDANT RAMIREZ-JIMENEZ: No.
>
> THE COURT: I mentioned to you that after you have served your prison sentence, you will be placed on a term of supervised release. Because you are not a United States citizen, you may be deported immediately after serving your prison sentence and a condition of your supervised release will be that you not reenter the United States while on

---

[2]The Honorable Charles J. Williams was appointed to be a United States District Judge for the Northern District of Iowa on September 10, 2018.

supervised release.  If you violate that condition and reenter the United States, the Court can . . . send you back to prison for all of any time you otherwise would have been on supervised release. . . .  Do you understand that?

        DEFENDANT RAMIREZ-JIMENEZ:  Yes.

        THE COURT:  This conviction can also affect your ability to ever legally reent[er] the United States or become a United States citizen.  Do you understand that?

        DEFENDANT RAMIREZ-JIMENEZ:   Yes.

        THE COURT:  Prior to today, did [defense counsel] discuss with you the fact that you may be deported after serving your prison sentence and that this conviction can affect your ability to ever legally reenter the United States or become a United States citizen?

        DEFENDANT RAMIREZ-JIMENEZ:  Yes.

The district court accepted Ramirez-Jimenez's guilty plea, and the case proceeded to sentencing after preparation of a Presentence Investigation Report that included as a proposed special condition of supervised release, "If the defendant is removed or deported from the United States, the defendant must not reenter unless the defendant obtains permission from the Secretary of Homeland Security."  At the sentencing hearing, defense counsel urged the court to sentence Ramirez-Jimenez to time served:

        Mr. Ramirez asks that he have a sentence to time served.  He understands that he will then be going to Immigration custody.  And because of the situation, he understands that he's not likely to gain relief in Immigration court.

The court then imposed a time-served sentence of 128 days plus three years of supervised release.  The court waived the $100 special assessment, imposed no fine,

and "remanded [Ramirez-Jimenez] to the custody of the United States Marshal for immediate processing to the Bureau of Immigration and Customs Enforcement (ICE) detainer."

In Padilla v. Kentucky, 559 U.S. 356, 374 (2010), the Supreme Court held that, to preclude a Sixth Amendment claim of ineffective assistance of counsel, a criminal defendant's counsel "must inform her client whether his [guilty] plea carries a risk of deportation." The Court noted that Padilla pleaded guilty to a controlled substance offense, and that the relevant immigration statute clearly defined "the removal consequence" of that conviction. Id. at 368, citing 8 U.S.C. § 1227(a)(2)(B)(I) (an alien with Padilla's controlled drug conviction "is deportable"). Padilla's counsel had "provided him false assurance that his conviction would not result in his removal from this country." Id. Acknowledging the complexity of our immigration laws, the Court nonetheless held that Padilla sufficiently alleged deficient performance and remanded for a determination of whether he could prove Strickland prejudice:

> When the [immigration] law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

Id. at 369.

In this case, Ramirez-Jimenez argues that his conviction must be reversed because his guilty plea was tainted by trial counsel's ineffective assistance. "Ramirez-Jimenez was not advised that his conviction . . . would clearly and definitely render him inadmissible to the United States, subject to mandatory deportation and ineligible for relief from removal. Instead, he was incorrectly advised by trial counsel only that he '*may* be deported' . . . ."

-4-

In most cases, we will not decide an ineffective assistance claim on direct appeal because such claims are "generally best litigated in collateral proceedings," where the district court can hear evidence to determine exactly what defense counsel failed to do. United States v. Thompson, 690 F.3d 977, 992 (8th Cir. 2012) (citation omitted), cert. denied, 568 U.S. 1240 (2013). Here, the record does not reveal the full extent of defense counsel's advice regarding the immigration consequences of a guilty plea and therefore would not permit us to conclude that Ramirez-Jimenez established either the deficient performance or the prejudice elements of an ineffective assistance claim. However, the record is sufficient to determine that the ineffective assistance claim asserted on appeal is without merit.

Ramirez-Jimenez asserts that his conviction makes him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because a violation of 18 U.S.C. § 1546 is a crime involving moral turpitude. That is an assertion that is less than clear and definite, see Bobadilla v. Holder, 679 F.3d 1052, 1054-57 (8th Cir. 2012), but it is probably correct. And in any event, the Immigration and Nationality Act clearly provides that an alien who is convicted of violating 18 U.S.C. § 1546 "is deportable." 8 U.S.C. § 1227(a)(3)(B)(iii). Moreover, like the drug offense at issue in Padilla, an alien convicted of violating 18 U.S.C. § 1546 is not eligible for cancellation of removal and adjustment of status. See 8 U.S.C. § 1229b(b)(1)(C). However, the similarity between this case and Padilla ends there. In Padilla, defense counsel falsely assured Padilla his conviction would not result in removal. Here, defense counsel and Magistrate Judge Williams advised Ramirez-Jimenez at the change-of-plea hearing not only that his guilty plea "carries a risk of deportation," as Padilla clearly required, but also that deportation was *likely*, as Ramirez-Jimenez surely knew from the fact that he was in ICE custody with removal proceedings either pending or imminent.

Ramirez-Jimenez argues that trial counsel's performance was defective because Ramirez-Jimenez was not told that "he was subject to mandatory deportation and ineligible for relief from removal." But the argument misinterprets Padilla and is

based on a false premise. In <u>Padilla</u>, the Supreme Court held that plea counsel's performance was deficient for failing to advise Padilla that his conviction would make him "deportable" under 8 U.S.C. § 1227(a)(2)(B)(I) if he pleaded guilty, not that deportation or removal was either mandatory or certain. In many removal proceedings, the alien concedes he is removable (deportable) and seeks relief from removal by providing evidence that he is eligible for asylum, withholding of removal, or relief under the Convention Against Torture. These immigration law complexities should caution any criminal defense attorney not to advise a defendant considering whether to plead guilty that the result of a post-conviction, contested removal proceeding is clear and certain. Given this reality, the advice Ramirez-Jimenez received at the change-of-plea hearing from defense counsel and from the court complied with the Supreme Court's decision in <u>Padilla</u>. Combined with what Ramirez-Jimenez already knew from his ICE custody and prior dealings with immigration officials, we conclude that he has not proved and cannot prove that his guilty plea was caused by ineffective assistance of trial counsel.

The judgment of the district court is affirmed.

_____