# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2906

_____

United States of America

*Plaintiff - Appellee*

v.

Rogelio Lagunas-Chavez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 10, 2019
Filed: July 5, 2019
[Unpublished]

_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

When Rogelio Lagunas-Chavez pleaded guilty to using identification documents unlawfully, *see* 18 U.S.C. § 1546(a), the magistrate judge[1] at his change-

---

[1] The Honorable C.J. Williams, then Chief United States Magistrate Judge for the Northern District of Iowa, now United States District Judge for the Northern District of Iowa.

of-plea hearing warned him that, since he was not a U.S. citizen, "it is likely that after you've served your prison sentence, you will be immediately deported from the United States." Lagunas-Chavez said he understood. The magistrate judge also warned him that the "conviction may also affect your ability to ever legally reenter the United States or become a United States citizen," and Lagunas-Chavez again acknowledged that he understood. Then the magistrate judge asked if Lagunas-Chavez's attorney had "discuss[ed] with you the fact that you will likely be deported back to Mexico after you've served your prison sentence and that this conviction may affect your ability to ever legally reenter the United States or become a United States citizen," and he acknowledged that his attorney had indeed done so. The district court[2] accepted Lagunas-Chavez's guilty plea and sentenced him to time served, which was 119 days in prison, and two years of supervised release.

Lagunas-Chavez appeals, arguing that his attorney provided ineffective assistance of counsel because "she provided insufficient advice regarding the immigration consequences" of his guilty plea. *See Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). More specifically, he maintains that she failed to advise him that his crime of conviction "would very likely be classified as a crime involving moral turpitude by an immigration court, clearly and definitely resulting in his removability from the United States, mandatory detention, and loss of eligibility for cancellation of removal."

We have already rejected a nearly identical argument from a defendant who was in nearly identical circumstances. In *United States v. Ramirez-Jimenez*, an alien pleaded guilty to violating § 1546(a), the same statute involved here. 907 F.3d 1091, 1092 (8th Cir. 2018) (per curiam). The same magistrate judge advised that defendant that the conviction could "affect your ability to ever legally reent[er] the United States

---

[2]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

or become a United States citizen," which the alien said he understood. The magistrate judge then asked the alien if his attorney had discussed with him "the fact that you may be deported after serving your prison sentence and that this conviction can affect your ability to ever legally reenter the United States or become a United States citizen," and the alien said his attorney had done so. The alien appealed and argued that his counsel was ineffective because she did not advise that his conviction "would clearly and definitely render him inadmissible to the United States, subject to mandatory deportation and ineligible for relief from removal," because § 1546(a) is a crime involving moral turpitude. *Id.* at 1093–94.

We acknowledged in that case that we do not ordinarily consider claims of ineffective assistance of counsel on direct appeal, especially where, as here, the record does not reveal the full extent of counsel's advice about the immigration effects of a guilty plea. But we concluded nevertheless that the record showed that the ineffective-assistance claim was meritless. We explained that, unlike *Padilla*, where defense counsel mistakenly assured a criminal defendant that his guilty plea would not result in deportation, Ramirez-Jimenez knew that deportation was possible or even likely based on his discussion with the magistrate judge and the fact that he was in the custody of immigration officials, as Lagunas-Chavez was here. In fact, we explained that the complexities of immigration law counsel a "criminal defense attorney not to advise a defendant considering whether to plead guilty that the result of a post-conviction, contested removal proceeding is clear and certain." *Id.* at 1094. We therefore rejected Ramirez-Jimenez's claim.

We see no reason why *Ramirez-Jimenez* does not rule this case, and Lagunas-Chavez suggests none. It therefore controls. *See United States v. Anderson*, 771 F.3d 1064, 1066–67 (8th Cir. 2014).

Affirmed.

_____