# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2583

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Barton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: May 24, 2024
Filed: June 3, 2024
[Unpublished]

_____

Before SMITH, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Justin Barton appeals after he pled guilty to receipt and distribution of child pornography. The district court[1] sentenced him within the Guidelines range. His counsel has moved for leave to withdraw, and has filed a brief under *Anders v.*

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

*California*, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable. Barton has filed a supplemental brief, in which he challenges various aspects of his conviction; argues that the court improperly considered his prior military conviction in sentencing him; argues that the prosecutor engaged in prosecutorial misconduct by referring to the military conviction and other facts set out in the presentence report (PSR); and argues that his counsel was ineffective. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Upon careful review, this court concludes that the district court did not err in imposing the sentence. The record reflects that the district court properly calculated the Guidelines range and considered relevant factors, and there is no indication the court overlooked a relevant factor, or committed a clear error of judgment in weighing the factors. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (in reviewing sentences, appellate court first ensures no significant procedural error occurred, then considers substantive reasonableness of sentence under abuse-of-discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing relevant factors); *United States v. Canania*, 532 F.3d 764, 773 (8th Cir. 2008) (within-Guidelines sentence is presumptively reasonable on appeal). Contrary to Barton's contention, the court did not err by considering his prior military conviction in determining an appropriate sentence. *See* 18 U.S.C. § 3553(a)(1) (court shall consider history and characteristics of defendant in determining sentence); *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005) (fact of prior conviction is sentencing factor for court to consider).

Further, the prosecutor did not engage in misconduct by referring to the military conviction and other undisputed facts set out in the PSR. *See United States v. Johnson*, 695 Fed. Appx. 186, 187 (8th Cir. 2017) (unpublished per curiam) (defendant's argument that government's assertion of facts from PSR constituted prosecutorial misconduct failed because facts were not disputed at time of sentencing). As to Barton's apparent challenges to his conviction, he has waived

them by pleading guilty to the offense. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) (valid guilty plea waives all non-jurisdictional defects). Finally, to the extent Barton argues that his trial or appellate counsel was ineffective, that issue is better suited for collateral proceedings. *See United States v. Ramirez-Jimenez*, 907 F.3d 1091, 1094 (8th Cir. 2018) (per curiam) (in most cases, appellate counsel will not decide ineffective-assistance claim on direct appeal).

This court has also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues for appeal. Accordingly, this court grants counsel's motion to withdraw, and denies Barton's pending pro se motions.

The judgment is affirmed.

_____